LEIGH M. CLARK, Retired Circuit Judge.
The only issue presented on appeal is thus stated in appellant’s brief:
“Whether or not a person may be punished for both the offense of forgery and the offense of criminal possession, of a forged instrument with respect to the same instrument, unless arising out of separate and distinct transactions.”
*298 The correct answer to the issue is in the negative, as shown by Alabama Criminal Code, § 13A-9-8, which provides:
“A person may not be punished for both the offense of forgery and the offense of criminal possession of a forged instrument with respect to the same instrument, unless arising out of separate and distinct transactions.”
Although appellant’s counsel is correct as to the legal proposition relied upon, he is incorrect in his contention that appellant was punished “with respect to the same instrument,” and he is incorrect in his contention that the two offenses for which he was punished did not arise “out of'Separate and distinct transactions.”
The judgments from which this appeal was taken were on Count One and Count Three of a four-count indictment. Count One charged a violation of § 13A-9-6 of the Alabama Criminal Code by possessing or uttering a check on the Home Bank of Guntersville, Alabama, for the sum of one hundred dollars; Count Three charged him with a violation of the same section of the criminal code of Alabama by possessing or uttering a forged check on the same bank for the sum of eighty dollars. Count Two of the indictment charged this appellant with having falsely made, completed or altered the same check described in Count One; Count Pour of the indictment charged him with having falsely made, completed or altered the instrument described in Count Three of the indictment.
The judgments of conviction and sentence appealed from were rendered on defendant’s pleas of guilty on a hearing at which defendant appeared with his attorney and at which, according to the court reporter’s transcript, there was an extended colloquy among the trial judge, the defendant, and the attorneys for the respective parties, by which it was shown that defendant’s pleas of guilty were voluntarily, understanding^, and intelligently made so as to show full compliance with Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). There is no contention to the contrary. Appellant’s contention is based exclusively upon the fact that the trial judge during the colloquy referred at times to Count Two of the indictment instead of to Count Three thereof as one of the counts to which the defendant was pleading guilty. At the commencement of the colloquy, the following occurred:
“THE COURT: Mr. Jolley (Defendant’s attorney), I understand the State has moved to strike Count 2 and 4 of the indictment. Is that with the Defendant’s consent?
“MR. JOLLEY: Yes, sir, it is.
“THE COURT: And we are traveling on Counts 1 and 3, which charge possession of a forged instrument; is that right?
“MR. JOLLEY: Yes, sir, that is correct.
“THE COURT: I understand on those charges, Mr. Smith, that you wish to withdraw your plea of not guilty and enter a plea of guilty; is that right?
“THE DEPENDANT: Yes, sir.”
Nevertheless, the transcript shows that the trial judge on more than one occasion during the colloquy referred to Count Two, instead of Count Three, as one of the counts to which defendant was pleading guilty. The last reference by the trial judge during the colloquy as to the numbers of the counts to which defendant was pleading guilty was in the following portion of the colloquy:
“At this point, Mr. Smith, you have the right to make any statement you would like to make before the sentence of the law is imposed upon you. Anything you want to say, sir?
“THE DEFENDANT: No, sir.
“THE COURT: All right, sir. Under Count 1 of the indictment, it is CONSIDERED and ADJUDGED by the Court that the Defendant be imprisoned in the penitentiary of this State for a term of 15 years.
“It is further CONSIDERED and ADJUDGED by the Court that the Defendant be imprisoned in the penitentiary of this State for a term of 15 years on Count 3 of the indictment, and that the sentences will run concurrently each with the other.”
*299 Our review of the record proper and the transcript of the proceedings convinces us that, notwithstanding some conflicts between some parts and other parts of what the trial judge stated orally and between parts of the transcript and the record proper, the defendant voluntarily, intelligently, and understandingly pleaded guilty to Counts One and Three of the indictment and that appellant’s contention to the contrary is not well taken.
The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.